IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN B REED,

     Plaintiff,

v.                                                                       No. 23-cv-0322-JCH-KBM

NORTHEAST NEW MEXICO
CORRECTIONAL FACILITY OFFICIALS, *et al*,

     Defendants.


**MEMORANDUM OPINION AND ORDER**

     This matter is before the Court on the Motions to Dismiss (Docs. 2, 4) filed by the Northeast

New Mexico Correctional Facility (NENMCF) Officials and Warden Gentry.  Also before the

Court is the Motion to Strike Plaintiff's Surreply (Doc. 11).  Defendants seeks dismissal of

Plaintiff's *pro se* Prisoner Civil Tort Complaint (Doc. 1-3) (Complaint) on the grounds that it fails

comply with notice pleading requirements and fails to state a cognizable claim.  Having reviewed

the relevant law and arguments, the Court will grant the Motions to Dismiss, in part, but permit

Plaintiff to file an amended complaint.

**BACKGROUND**[1]

     This case stems from the termination of Plaintiff's religious diet at NENMCF.  Plaintiff is

a state inmate who previously worked for NENMCF's food service division.  *See* Doc. 1-3 at 10.

He was approved to receive a Halal diet at NENMCF and signed an agreement not to consume

---

[1] For the limited purpose of this ruling, the Court assumes the allegations in the Complaint (Doc. 1-3) are
true.

non-Halal foods.  *Id.*  At some point, Plaintiff had a verbal altercation with Mereno, a Summit Foods Supervisor.  *Id.*  Plaintiff was then fired from his food service job.  *Id.*  Mereno also allegedly "used his attorney to have [Plaintiff] removed from [the] Halal diet, stating that [Plaintiff] was non-compliant due to ordering items that are not Halal."  *Id.*  According to Plaintiff, the non-Halal items were still Kosher, and he ate Kosher foods "every single day" in the past.  *Id.*  Plaintiff filed internal prison grievances but did not obtain relief.  *Id.*

Based on these facts, the Complaint raises claims for "unlawful termination of [the Halal] contract;" violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, "indifference to reasonable remedy," "abuse of attortitive [perhaps authoritative] position," and "money la[u]ndering and/or embezzlement of federal funding."  *See* Doc. 1-3 at 9.  The Complaint seeks at least $5 million in damages from the following Defendants: (1) NENMCF Officials; (2) Summit Foods Supervisor Mereno; and (3) NENMCF Warden Gentry. *Id.* at 9, 11.

Plaintiff originally filed the Complaint in New Mexico's Third Judicial District Court.  *See* Doc. 1.  On April 13, 2023, Defendants NENMCF Officials and Gentry removed the case, through counsel, based on federal-question jurisdiction.  *Id*.  Those Defendants filed a Motion to Dismiss on April 21, 2023 but re-filed the Motion on June 29, 2023 to reflect a new certificate of service after Plaintiff changed facilities.  *See* Docs. 2, 4, 5.  The Motions to Dismiss seek dismissal for failure to comply with the notice pleading standards in Fed. R. Civ. P. 8(a) and failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff filed a Response to the Motions to Dismiss, which adds more factual detail to the claims.  *See* Doc. 7.  Defendants NENMCF Officials and Gentry filed a Reply, and Plaintiff filed a Surreply that references additional facts and Defendants.  *See* Docs. 8, 9.  Defendants NENMCF Officials and Gentry then filed the Motion to

Strike the Surreply, and Plaintiff filed an opposition response.  *See* Docs. 11, 13.  The Motions to Dismiss and the Motion to Strike are fully briefed, and the matter is ready for review.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

A complaint must also meet the standards set forth in Fed. R. Civ. P. Rule 8.  Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Rule 8(a)(2), (d)(1).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (quotations omitted). "Rule 8 serves the

3

important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  Essentially, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.*  Moreover, courts must generally give *pro se* parties an opportunity to amend an initial, defective pleading unless such amendment would be futile. *Id.*

## DISCUSSION

Construed liberally, Plaintiff's Complaint raises a state law claim for breach of contract and federal claims for violation of the RLUIPA and deliberate indifference to health/safety under the Eighth Amendment and 42 U.S.C. § 1983.  The Complaint also raises more amorphous claims for "abuse of attortitive [perhaps authoritative] position" and "money la[u]ndering and/or embezzlement of federal funding." *See* Doc. 1-3 at 9.  Defendants NENMCF Officials and Gentry argue the Complaint is difficult to interpret and fails to provide sufficient notice of the alleged wrongdoing.  *See* Doc. 4 at 2.  Those Defendants also argue the Complaint fails to state any cognizable claim under Rule 12(b)(6). *Id.* at 4-15.

Having carefully reviewed each filing, the Court agrees that the Complaint, as supplemented, does not comply with Rule 8(a).  As the Motions to Dismiss correctly point out, there little or no factual detail in the Complaint to support any claim beyond the alleged RLUIPA

violation.  Even the RLUIPA claim is difficult to analyze because Plaintiff's responses and replies to the Motions to Dismiss amplify the allegations regarding his religious diet and refer to Defendants who are not named in the Complaint.  *See* Docs. 7, 10.  "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).  *See also Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (The purpose of a motion to dismiss is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.").  Moreover, "[i]t is not the role of … the court … to sort through a … complaint and voluminous [filings] … to construct plaintiff's causes of action."  *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted).

For these reasons, the Court will grant the Motions to Dismiss, in part.  The Court will dismiss the Complaint (Doc. 1-3) without prejudice for failure to comply with Rule 8(a) but grant leave to file a single, amended complaint on the court's official prisoner civil complaint form.  *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) (noting *pro se* plaintiffs are ordinarily given "an opportunity to remedy defects potentially attributable to their ignorance of federal law").  The amended complaint must be filed within thirty (30) days of entry of this ruling.  The Court will also deny the Motion to Strike Plaintiff's Surreply, as the issue of whether to consider additional arguments and allegations in the surreply is now moot.  Plaintiff is warned that any amended complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).  If Plaintiff wishes to sue unnamed Defendants - such as "NENMCF Officials" - the amendment must "provide[] an adequate description of some kind which is sufficient to identify [each] … person

involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).  The amendment must also include all claims against all Defendants in this case; Plaintiff cannot expand the factual allegations in later responses or motions.

As to the federal RLUIPA claim, the amended complaint must allege facts showing Plaintiff "wishes to engage in (1) a religious exercise, (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Carbone*, 600 F.3d 1301, 1312 (10th Cir. 2010).  To the extent Plaintiff wishes to assert a claim for deliberate indifference to health/safety, the amendment must allege facts satisfying "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  A § 1983 plaintiff must satisfy the objective component by showing prison conditions threaten his safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  To satisfy the subjective component of the test, the plaintiff must demonstrate each defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

As to any state law claims, the amended complaint must provide greater detail on both the legal theory and the facts showing why each particular claim has merit.  Plaintiff should also clarify whether he raises claims under state common law or the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.*  Any amended complaint will be subject to initial screening, but Defendants may also renew their request to dismiss under Rule 12(b)(6) once the claims are confined to a single pleading.  *See* 28 U.S.C. § 1915A (requiring *sua sponte* screening of all prisoner claims against a government official).  If Plaintiff declines to timely amend or files an amended complaint that violates Rule 8(a)/fails to state a cognizable federal claim, the Court may dismiss all federal claims

with prejudice and dismiss or remand state claims rather than exercising supplemental jurisdiction.

**IT IS ORDERED** that the Motions to Dismiss (**Docs. 2, 4**) filed by NENMCF Officials and Warden Gentry are **GRANTED, in part,** as set forth above; but the Motion to Strike (**Doc. 11**) filed by those Defendants is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Civil Tort Complaint (Doc. 1-3) is **DISMISSED without prejudice** for failure to comply with Rule 8(a); and Plaintiff shall file a single, amended complaint as set forth above within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE