IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN B REED,

    Plaintiff,

v.                                                       No. 23-cv-0322-JCH-KBM

SUMMIT FOODS CO., *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

       This matter is before the Court on the Second Motion to Dismiss (Doc. 18) filed by the Defendants associated with Northeast New Mexico Correctional Facility (NENMCF). Also before the Court are the motions to appoint counsel, be heard, and extend discovery deadlines. (Docs. 20, 23, 25). The NENMCF Defendants seeks dismissal of Plaintiff's *pro se* Amended Complaint (Doc. 17) on the grounds that it fails to comply with notice pleading requirements and fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will deny the Motion to Dismiss and required an answer, as set forth below.

**BACKGROUND**[1]

       This case stems from the termination of Plaintiff's religious diet at NENMCF. Plaintiff is a state inmate and has practiced Islam for more than 23 years. *See* Doc. 17 at 4. Plaintiff was initially approved to receive a Halal diet at NENMCF. *Id.* The Amended Complaint alleges that consuming certain non-Halal foods is inconsistent with Plaintiff's sincerely held religious beliefs.

---

[1] For the limited purpose of this ruling, the Court assumes the allegations in the Amended Complaint (Doc. 17) are true.

*Id.* At some point, Plaintiff had a disagreement with Moreno, a Summit Foods Supervisor. *Id.* at 2-6. Moreno allegedly "use[d] his authority to have Plaintiff removed from the Halal meal program." *Id.* at 3. As grounds for the removal, however, prison officials stated Plaintiff ordered a non-Halal item from the commissary. *Id.* at 2-6. Plaintiff states such item was still Kosher, and NENMCF serves Kosher items as an acceptable part of the Halal diet. *Id.*

Plaintiff filed internal prison grievances but did not obtain immediate relief. The attachments to the Amended Complaint show that James Yates, as a Director of Prisons, denied Plaintiff's appeal. *Id.* at 9. The attachments also show that some items in the commissary menu are both Halal and Kosher. *Id.* at 17. After one year, prison officials placed Plaintiff back on the Halal diet. *Id.* at 6.

Plaintiff recited some of the above facts in his original Civil Tort Complaint (Doc. 1-3) (Original Complaint). The NENMCF Defendants moved to dismiss that pleading for failure to comply with Fed. R. Civ. P. 8(a) and 12(b)(6). By a Memorandum Opinion and Order entered March 27, 2024, the Court agreed the original Complaint and supplemental filings failed to raise a discernable claim against any Defendant. *See* Doc. 14 (Screening Ruling). The Screening Ruling granted leave to file a single, amended complaint on the court's official prisoner civil rights form. *Id.* at 5.

Plaintiff filed the instant, Amended Complaint (Doc. 17) in response to the Screening Ruling. The Amended Complaint follows the form civil rights pleading; names specific Defendants; and is limited to 18 pages. *See* Doc. 17. Construed liberally, the Amended Complaint raises claims for violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*; violation of the First Amendment; breach of the Halal contract; and deliberate indifference to health/safety. The Amended Complaint names the

2

following Defendants: (1) Warden Mark Gentry; (2) Director of Prisons James Yates; (3) Unit Manager Cecila Baker; (4) Chaplin M. Hunneycutt; (5) Summit Foods, Co. (Summit); (6) Summit Manager Moreno; and (7) Unknown NENMCF and Summit officials. *See* Doc. 17 at 1. Plaintiff seeks over $5 million in damages under 42 U.S.C. § 1983.

The NENMCF Defendants again seek to dismiss the Amended Complaint, arguing it fails to state a cognizable claim. *See* Doc. 18. After the counseled Motion to Dismiss was filed, Plaintiff filed motions to be heard on an urgent basis (Doc. 18) and to withdraw his request to appoint counsel (Doc. 23), and Defendant filed a Motion to Extend the Discovery Period (Doc. 25). Plaintiff also filed a brief (Doc. 27) on January 24, 2025, which appears to raise arguments against dismissal and may also add factual detail to the claim. Each motion is fully briefed, and the matter is ready for ruling. The Court will identify the controlling pleading and determine whether the claims should be dismissed pursuant to Rules 8 or 12(b)(6).

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, courts must generally give *pro se* parties an opportunity to amend an initial, defective pleading unless such amendment would be futile. *Id.*

## DISCUSSION

Construed liberally, Plaintiff's Amended Complaint raises a state law claim for breach of contract and federal claims for violation of the RLUIPA; violation of the right to free exercise; deliberate indifference to health/safety under the Eighth Amendment and 42 U.S.C. § 1983. The NENMCF Defendants argue Plaintiff improperly expanded the scope of his claims through piecemeal filings and that the allegations fail to state a cognizable claim for relief. The Court will discuss each issue below.

### A. Scope of the Claims

As noted above, the Screening Ruling requires Plaintiff to file a <u>single</u>, amended complaint that complies with Rule 8(a) and the form civil rights pleading. His Amended Complaint (Doc. 17) complies with the directive. That pleading sets forth a short and plain statement of the grounds for relief; the allegations are discernable; and the list of Defendants is clear. After filing the

Amended Complaint, Plaintiff submitted several other motions, briefs, and exhibits. *See, e.g.,* Docs. 20, 21, 23, and 27. Those filings argue dismissal is inappropriate but also appear to contain additional allegations or evidence to support the claims. The Court has already explained that a pleading cannot be amended by the briefs in opposition to a motion to dismiss. *See* Doc. 14 (citing authority). Accordingly, the Court will limit its review to the claims and allegations set forth in the Amended Complaint (Doc. 17), which is the controlling pleading at this stage. Any claims/allegations that appear outside of the Amended Complaint (Doc. 17) may be disregarded unless/until Plaintiff formally obtains leave to amend.

### B. Screening the Amended Complaint

The Amended Complaint primarily seeks relief for the alleged violation of Plaintiff's religious freedoms. As to the federal RLUIPA claim, the Amended Complaint alleges sufficient facts showing Plaintiff exercises his Islamic religion by observing a Halal diet and that such exercise is substantially burdened by eating non-Halal foods. *See Abdulhaseeb v. Carbone*, 600 F.3d 1301, 1312 (10th Cir. 2010) (RLUIPA requires a showing that plaintiff "wishes to engage in (1) a religious exercise, (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government."). The First Amendment free exercise claim survives review for the same reason. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (First Amendment claims require a showing that defendants substantially burdened sincerely held religious beliefs). As to the contact claim, the Complaint appears to allege Defendants improperly terminated its Halal agreement with Plaintiff. The NENMCF Defendants argue Plaintiff was not a party to any contract. Without further evidence, the Court will not dismiss the claim at this stage.

The claim for deliberate indifference to health/safety is a closer call. To state such a claim, a § 1983 plaintiff must show prison conditions threaten his safety or "lead to deprivations of

essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The allegations must also show each defendant was aware of the risk of harm. *Id.* The Amended Complaint alleges NENMCF uses a compound reduction meat product, which includes blood, cartilage, and mechanically separated chicken parts. *See* Doc. 17 at 5. It appears the food may be unsafe and/or that Plaintiff failed to receive adequate nutrition based on his religious restrictions. Applying principles of liberal construction, and because the remaining claims will be resolved on a full record, the Court declines to dismiss the deliberate indifference claim at this stage.

For these reasons, the Court concludes the Amended Complaint is not subject to dismissal under Rule 12(b)(6) and will deny the Motion (Doc. 18) filed by NENMCF Defendants. The Court also finds the Amended Complaint sufficiently connects each named Defendant (Summit; Summit Supervisor Moreno; Warden Gentry; Cecila Boner; Chaplin Hunneycutt; and Director Yates) to the alleged wrongdoing. The Complaint alleges "each Defendant" upheld Moreno's decision to remove Plaintiff from the Halal diet. The attached grievance forms also appear to show that each individual NENMCF Defendant denied relief. *See* Doc. 17 at 9-18. The Court will therefore require each named Defendant to file an answer to the Amended Complaint.

Defendants Summit and Moreno have not yet appeared in this case. Plaintiff must provide addresses for service on those Defendants within thirty (30) days of entry of this ruling. *See Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison."). The failure to timely comply may result in dismissal of all claims against those Defendants with or without prejudice.

Named Defendants Gentry, Yates, Baker, and Hunneycutt have appeared in this case through counsel (Mynatt Martinez Springer P.C. and Serpe Andrews PLLC NM). Those

Defendants shall file an answer to the Amended Complaint (Doc. 17) within thirty (30) days of entry of this ruling.

The remaining Defendants are unnamed grievance officers, prison officials, and Summit employees. The Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). The timeline for identifying unnamed defendants is not clear based on the case law. The Tenth Circuit has affirmed the dismissal of unnamed defendants on screening where the complaint lacked sufficient information to effectuate service, but it has also left open the possibility of resolving the issue on summary judgment. *Compare Mayfield v. Presbyterian Hospital Administration*, 772 Fed. App'x 680, 686 (10th Cir. 2019) (affirming screening dismissal) and *Ellis v. Oliver*, 714 Fed. App'x 847, 850 n. 1 (10th Cir. 2017) (affirming summary judgment ruling). Based on the nature of the allegations, the Court declines to dismiss any claims against unnamed defendants at this stage. Plaintiff must provide a description and/or names of any unnamed Defendants within a reasonable time, and at the latest, before any recommended disposition on dispositive motions. If Plaintiff fails to identify unnamed defendants before the case is ready for a recommended disposition, the Court may dismiss all claims against unnamed defendants with prejudice.

  **C.**  **Procedural Motions**

The parties also seek various types of procedural relief. Plaintiff filed motions to: (1) hear/decide this case on an expedited basis; (2) appoint counsel; and (3) withdraw the request to appoint counsel. *See* Docs. 20, 23. The Court will grant Plaintiff's request to withdraw but will otherwise deny relief. The Amended Complaint states prison officials placed Plaintiff back on the

Halal diet after one year. *See* Doc. 17 at 6. Based on this procedural posture, there is no basis to expedite his request for money damages.

Defendant filed a motion to extend the discovery period. *See* Doc. 25. Such request is moot because prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* D.N.M. LR-Civ. 16.3(d); D.N.M. LR-Civ. 26.3(a)(1). The Court will enter a separate order referring this case to the assigned Magistrate Judge for a *Martinez* investigation in lieu of traditional discovery, if he or she finds such investigation is appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims."). The Motion to Extend Discovery Period (Doc. 25) will therefore be denied without prejudice.

**IT IS ORDERED** that within thirty (30) days of entry of this ruling, Plaintiff must provide addresses for service on Defendants Summit Food, Co. and Summit Supervisor Moreno.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (**Doc. 18**) and Motion to Extend Discovery Period (**Doc. 25**) are **DENIED**, as set forth above; and Named Defendants Gentry, Yates, Baker, and Hunneycutt must file an answer to the Amended Complaint (**Doc. 17**) within thirty (30) days of entry of this ruling.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to be Heard on an Urgent Basis (**Doc. 20**) is **DENIED**; and his Motion to Withdraw Request for Counsel (**Doc. 23**) is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE